RECEIVED DEC 14 2018 AT 8:30 WILLIAM T. WALSH CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIVERSANT, LLC,

    Plaintiff, Counter-Defendant,

v.

ARTECH INFORMATION SYSTEMS, LLC,

    Defendant, Counter-Claimant.

Civ. No. 18-12133

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the Motion to Dismiss Defendant's Counterclaim brought by Plaintiff Diversant, LLC ("Counter-Defendant"). (ECF No. 13.) Defendant Artech Information Systems, LLC ("Counter-Claimant") opposes. (ECF No. 15.) The Court has decided the Motion after considering the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Counter-Defendant's Motion is denied.

## BACKGROUND

Counter-Claimant is a limited liability company whose members and headquarters are located in Morristown, New Jersey. (Countercl. ¶ 4, ECF No. 7.) Counter-Defendant is a limited liability company whose headquarters and principal place of business are located in Red Bank, New Jersey. (*Id.* ¶ 5.) Counter-Claimant and Counter-Defendant both connect information technology ("IT") consultants and contractors with their clients. (*Id.* ¶¶ 27–28.) Counter-

1

Claimant alleges that it and Counter-Defendant are direct competitors "in the area of IT staffing" and thus compete for the same clients, such as Wells Fargo. (*Id.* ¶ 27.)

Counter-Defendant brings the underlying action against Counter-Claimant. This matter is related to Counter-Defendant's other matter before this Court, *Diversant, LLC v. Carino*, Civ. No. 3:18-03155 (D.N.J.). In that action, Counter-Defendant seeks permanent injunctive relief against Mitchelle Carino, a former employee, to enjoin Carino from misappropriating Counter-Defendant's confidential information and further breaching an employment agreement between Carino and Counter-Defendant (the "Agreement"). (Countercl. ¶ 2; Compl. ¶¶ 66–69, Civ. No. 3:18-3155, ECF No. 1 (hereinafter "Carino Compl."); *see also* Agreement, Ex. A, ECF No. 1-1.) More specifically, Counter-Defendant alleges that Carino breached the Agreement by—after voluntarily leaving his employment with Counter-Defendant—working for Counter-Claimant, soliciting Counter-Defendant's clients for Counter-Claimant, and sharing Counter-Defendant's confidential information with Counter-Claimant. (Countercl. ¶¶ 16–18; Carino Compl. ¶¶ 43–44, 48–49, 51–56–65.) The Agreement contains a choice-of-law provision selecting New Jersey law (Countercl. ¶¶ 23–24), and on April 2, 2018, this Court found that the choice-of-law provision was enforceable and thus New Jersey law governs the Agreement in that dispute (Choice-of-Law Op. at 7, Civ. No. 3:18-3155, ECF No. 18).

On June 11, 2018, this Court preliminarily enjoined Carino from misappropriating Counter-Defendant's confidential information; providing services as an employee to any direct competitor, specifically including Counter-Claimant; soliciting Counter-Defendant's clients; or hiring any of Counter-Defendant's employees. (Countercl. ¶ 33; *see also* Prelim. Inj. Op. ¶ 6,

Civ. No. 3:18-3155, ECF No. 40.)[1] As a result of the Court's Order, "[Counter-Claimant] was unable to continue employing [Carino], and thus, it terminated his employment effective June 15, 2018." (Countercl. ¶ 34.) Counter-Claimant alleges that it was "deprived of the opportunity to maintain its employment" relationship with Carino. (*Id.*)

On July 27, 2018, Counter-Defendant filed this action against Counter-Claimant alleging, *inter alia*, misappropriation of trade secrets, tortious interference with a contract, and unfair competition. (*See generally* Compl. ¶¶ 102–28, 129–43, 144–48, ECF No. 1.) On September 28, 2018, Counter-Claimant simultaneously filed an Answer to the Complaint and this Counterclaim. (ECF No. 7.) Counter-Claimant alleges one count of Unfair Competition under California Business & Professions Code § 17200. (Countercl. ¶¶ 36–42.) In short, Counter-Claimant contends that the non-compete provision in the employment contract between Counter-Defendant and Carino (*i.e.*, the Agreement) improperly limits the ability of employees to work for competitors which, because that practice is against public policy in California, confers upon Counter-Defendant an unfair advantage in California. (*Id.* ¶¶ 37–42.) The Agreement allegedly forced Counter-Claimant to terminate Carino's employment, which caused a substantial loss in revenue that Carino would have earned for Counter-Claimant. (*Id.* ¶ 42.)

On October 23, 2018, Counter-Defendant filed the instant Motion to Dismiss the Counterclaim. (ECF No. 13.) After requesting an extension pursuant to Local Civil Rule 7.1(d)(5) (ECF No. 14), Counter-Claimant filed an opposition on November 19, 2018 (ECF No. 15). Counter-Defendant's Motion to Dismiss is currently before the Court.

---

[1] The parties in the other action are currently conducting discovery. (*See* Civ. No. 3:18-3155, ECF 68.)

3

## **LEGAL STANDARD**

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a motion under Rule 12(b)(6), a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint which does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although a district court generally must confine its review to the pleadings on a Rule 12(b)(6) motion, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material" beyond the pleadings. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). The Court may consider "matters incorporated by reference or integral to the claims, matters of which the Court may take judicial notice, matters of public record, orders, and other items of record in the case." *Blue Sky 1, LLC v. Jaguar Land Rover N. Am., LLC*, 2016 U.S. Dist. LEXIS 158548, at *12–13 (D.N.J. Nov. 16, 2016).

## DISCUSSION

Section 17200 creates a cause of action for three different offenses under California law: an "unlawful, unfair or fraudulent business act or practice." The purpose of § 17200 is "to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 45 P.3d 243, 249 (Cal. 2002). Competitors commonly bring causes of action under § 17200 as it "was originally conceived to protect business competitors." *Law Offices of Mathew Higbee v. Expungement Assistance Servs.*, 153 Cal. Rptr. 3d 865, 867 (Ct. App. 2013) (citing *People* ex rel. *Mosk v. Nat'l Research Co.*, 20 Cal. Rptr. 516, 520 (Ct. App. 1962)). In fact, even "the lack of direct dealings between two business competitors is not necessarily fatal to [§ 17200] standing." *Id.* (citing § 17204).

Counter-Defendant advances two arguments in its Motion to Dismiss the Counterclaim: (1) Counter-Claimant lacks standing to assert a claim under § 17200 (C-Def.'s Br. at 5–6, ECF No. 13); and (2) even if that were not so, Counter-Claimant fails to sufficiently state a claim under § 17200 (*id.* at 6). The Court addresses and, ultimately, rejects each argument.

### I.     Counter-Claimant Does Not Lack Standing

In order to have standing under § 17200, a plaintiff must show (1) injury and (2) causation. *See* § 17204 (allowing suit "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition"); *Aguirre v. Wells Fargo Bank Na*, 2013 U.S. Dist. LEXIS 131556, at *18 (C.D. Cal. Sept. 11, 2013). First, a plaintiff "must be able to show economic injury caused by unfair competition." *Zhang v. Superior Court*, 304 P.3d 163, 168 (Cal. 2013); *see also* § 17204 (allowing suit by a person who has, *inter alia*, "suffered injury in fact and has lost money or property"). "There are innumerable ways in which economic competition from unfair competition may be shown." *Kwikset Corp. v. Superior Court*, 246 P.3d

877, 885–86 (Cal. 2011). For example, "[a] plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Id.* Second, a plaintiff also must show a causal connection between the defendant's conduct and the plaintiff's injury. *See* § 17204 (allowing suit by a person who suffered an injury "as a result of the unfair competition"); *Troyk v. Farmers Grp., Inc.*, 90 Cal. Rptr. 3d 589, 625 (Ct. App. 2009).

Here, Counter-Claimant sufficiently pleads both injury and causation. Counter-Claimant clearly alleges that Counter-Defendant's employment agreements, including the Agreement, are unlawful under California law. (*See, e.g.*, Countercl. ¶¶ 1–2 (alleging that Counter-Defendant "used, and is continuing to use, non-compete agreements which are unlawful under the well-settled law of California"); *id.* ¶¶ 38–39 (alleging that Counter-Defendant "is engaged in an unlawful business practice of including post-employment non-compete restrictions in its employment agreements," such as the Agreement).) Counter-Claimant also outlines its economic injury: Generally, Counter-Defendant "has gained an unfair advantage in California" because competitors, like Counter-Claimant, cannot hire Counter-Defendant's former employees protected by Counter-Defendant's non-compete restrictions (*id.* ¶¶ 3, 30, 39–40); more specifically, Counter-Claimant was forced to terminate its employment relationship with Carino when Counter-Defendant sought to enforce the Agreement, which is alleged to be unlawful (*id.* ¶¶ 34–35). Counter-Claimant also contends that "it was required to expend a significant amount of attorneys' fees and costs in defending against [Counter-Defendant]'s previous lawsuit against Mr. Carino" (C-Cl.'s Br. at 14, ECF No. 15), which is sufficient to show economic loss under §

17200, *see, e.g., Koller v. West Bay Acquisitions, LLC*, 2012 U.S. Dist. LEXIS 96162, at *24 (N.D. Cal. July 11, 2012); *see also St. Jude Med. S.C., Inc. v. Biosense Webster, Inc.*, 2014 U.S. Dist. LEXIS 199904, at *34 (C.D. Cal. Aug. 27, 2014) (finding cost of *filing* lawsuit sufficient). Lastly, Counter-Claimant sufficiently links its injury—its inability to hire Counter-Defendant's former employees, such as Carino—to Counter-Defendant's specific conduct. (*See, e.g.*, Countercl. ¶¶ 32–34 (alleging that "[Counter-Claimant] was thus deprived of the opportunity to maintain its employment relationship with Mr. Carino *as a result of* [Counter-Defendant]'s unfair competition practices" (emphasis added)).)

Counter-Defendant does not dispute these points. Counter-Defendant instead contends that Counter-Claimant lacks standing to assert a claim under § 17200 because the Counterclaim is based solely on the Agreement, to which Counter-Claimant was not a party. (C-Def.'s Br. at 5–6.) Counter-Defendant points to a single, non-binding case in support. (*Id.*) In *Golden State Orthopedics, Inc. v. Howmedica Osteonics Corp.*, 2016 U.S. Dist. LEXIS 121710 (N.D. Cal. Sept. 8, 2016), the defendant sought to dismiss the plaintiff's § 16600 claim[2] because the plaintiff "lack[ed] standing to challenge the [non-competes in the] employment agreements" as the plaintiff was "not a party to these employment agreements." *Id.* at *7. Separately, the defendant also sought to dismiss the plaintiff's § 17200 claim because the plaintiff alleged neither the existence of an injury-in-fact nor causal connection between the purported violation and any damages it suffered. *Id.* The court ultimately dismissed both the § 16600 claim and §

---

[2] Section 16600 voids non-compete clauses in employee contracts. *See* § 16600 (voiding "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind"). In comparison, § 17200 provides a cause of action that may be predicated on a voided employee contract under § 16600. *See, e.g., Edwards v. Arthur Andersen LLP*, 189 P.3d 285, 292 (Cal. 2008).

7

17200 claim (*id.* at *8–10), so Counter-Defendant extrapolates that "th[is] case is directly on point" and compels dismissal here (C-Def.'s Br. at 5).

However, *Golden State* is not directly on point. In *Golden State*, the court found that the plaintiff lacked standing to assert its § 16600 claim, not its § 17200 claim—which is the claim here. *Golden State*, 2016 U.S. Dist. LEXIS 121710, at *9. In fact, Counter-Claimant does not plead a claim under § 16600. As for the plaintiff's § 17200 claim, the court in *Golden State* found that "it [was] not sufficiently pled" because its allegations were "conclusory," not because the plaintiff lacked standing to bring its § 17200 claim—as Counter-Defendant alleges here. *Id.* The court also noted that "the only facts alleged relate to the 'unlawful' prong" of § 17200, but Counter-Claimant here alleges facts related to both the "unlawful" and "unfair" prongs of § 17200. (*See* Countercl. ¶¶ 38–39 ("[Counter-Defendant] is engaged in an *unlawful* business practice of including post-employment non-compete restrictions in its employment agreements." (emphasis added)); *id.* ¶¶ 40–41 ("[Counter-Defendant] has an *unfair* advantage against [Counter-Claimant] because [Counter-Defendant] can hire any employees it wants while it does not have to be concerned about its own employees working for competitors." (emphasis added)).)

Counter-Defendant also contends that Counter-Claimant may not assert a claim under California law because this Court already determined that the Agreement, the predicate of the claim, is governed by New Jersey law. (C-Def.'s Br. at 2.) First, this decision does not suggest that this Court is contradicting itself. A claim for unfair competition under § 17200 is better characterized as a tort rather than a contract, *Mosk*, 20 Cal. Rptr. at 520 (recounting the history of § 17200), and thus "the laws of different states may apply in the same case to different issues in the case," *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J. 1998) (explaining that

8

"New Jersey's choice of law rules incorporate the doctrine of depecage"); *cf. Donovan v. Idant Labs.*, 625 F. Supp. 2d 256, 269 (E.D. Pa. 2009) ("Plaintiff asserts claims based in tort and in contract law. 'Because choice of law analysis is issue-specific, different states' laws may apply to different issues in a single case, a principle known as depecage.'" (quoting *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006))). Counter-Defendant is able to form a contract that is valid and enforceable under New Jersey law, but that also has the potential to incur liability under California law.

Second, the Court's choice-of-law analysis regarding the Agreement centered on the parties' choice-of-law provision contained in the Agreement that selected New Jersey law. Counter-Claimant was not a party to the Agreement, and thus the Agreement cannot restrain Counter-Claimant's claims here. *See Krist v. Pearson Educ., Inc.*, 263 F. Supp. 3d 509, 512–14 (E.D. Pa. 2017) (finding forum selection clause unenforceable to party who never signed contract, comporting with the "general rule that a contract only binds its parties" (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202–03 (3d Cir. 1983)). Regardless, Counter-Claimant does not challenge the enforceability of or seeks damages from an agreement to which it was not a party. Rather, Counter-Claimant advances an allegation personal to it— namely that the Agreement specifically harmed Counter-Claimant because the Agreement constitutes unfair competition in the market in which it competes.

Lastly, Counter-Claimant's claim is within the universe of claims that § 17200 sought to address. "Historically, the law of unfair competition . . . evolved in the general field of torts. It was concerned primarily with wrongful conduct in commercial enterprises which resulted in business loss to another, ordinarily by the use of unfair means in drawing away customers from a competitor." *Mosk*, 20 Cal. Rptr. at 520. Although § 17200 "was not intended to regulate

9

nonresidents' claims arising from conduct occurring entirely outside of California" and Counter-Claimant's headquarters is located in New Jersey (Countercl. ¶ 4), § 17200 "may be invoked by nonresident parties when they are harmed by wrongful conduct occurring in California." *St. Jude*, 2014 U.S. Dist. LEXIS 199904, at *28 (collecting cases). And indeed, here, Counter-Claimant pleads numerous facts indicating that its alleged injury occurred in California.[3] If Counter-Claimant's allegations were true, it would provide Counter-Defendant "the opportunity to hire any employees it wants from its California competitors, but its competitors could not hire any of its former employees." (Countercl. ¶ 30.) Accordingly, Counter-Defendant's standing argument fails.

## II. Counter-Claimant Sufficiently States a Claim

To state a claim for a violation of § 17200, a plaintiff must show an unlawful, unfair, or fraudulent business act or practice. "Because [§] 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria—unlawful, unfair, *or* fraudulent—to be considered unfair competition . . . ." *Daro v. Superior Court*, 61 Cal. Rptr. 3d 716, 724 (Ct. App. 2007) (emphasis in original); *see also Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 731 (9th Cir. 2007) (noting that "[e]ach prong . . . is a separate and distinct theory of liability"). Under the unlawful prong, the law is "broad" and the scope of "[i]ts coverage is sweeping, embracing

---

[3] *See* Countercl. ¶¶ 1, 3 (alleging that Counter-Defendant's "unfair business practices within the State of California . . . have impermissibly allowed it [to] gain an unfair business advantage over [Counter-Claimant]" in California); *id.* ¶¶ 6–8, 9, 12, 17 (alleging that the Agreement prohibited Carino from working for a direct competitor within a fifty-mile radius of Counter-Defendant, which affected Counter-Claimant in California); *id.* ¶ 22 (alleging that while Carino worked for Counter-Defendant, he "remained a resident of California," "work[ed] exclusively in California," and "servic[ed] only [Counter-Defendant]'s California clients"); *id.* ¶ 28 (alleging that while Carino worked for Counter-Claimant, he serviced Counter-Claimant's "San-Francisco-based clients"—"essentially the same responsibilities that he had while employed with [Counter-Defendant]"); *see also* C-Cl.'s Br. at 9–10 (alleging California contacts).

10

anything that can properly be called a business practice and at the same time is forbidden by law." *Cel-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539 (Cal. 1999). An "unlawful business practice[] may "include 'any practice[] forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made.'" *J&J Sports Prods. v. Nguyen*, 2014 U.S. Dist. LEXIS 2247, at *23 (N.D. Cal. Jan. 7, 2014) (quoting *Saunders v. Superior Court*, 33 Cal. Rptr. 2d 438, 441 (Ct. App. 1994)). In comparison, the unfair "prong" includes "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech*, 973 P.2d at 544. In its simplest terms, the plaintiff must show that the "harm to victim outweighs any benefit." *Albillo v. Intermodal Container Servs., Inc.*, 8 Cal. Rptr. 3d 350, 362 (Ct. App. 2003).

Here, Counter-Defendant argues that "[Counter-Claimant] has not alleged any unfair, fraudulent, or unlawful conduct by [Counter-Defendant] that is unrelated to [Counter-Defendant]'s use of allegedly unlawful restrictive covenants. (C-Def.'s Br. at 6.) Counter-Claimant pleads two allegations of import here in its Counterclaim: (1) "[Counter-Defendant] is engaged in an *unlawful* business practice of including post-employment non-compete restrictions in its employment agreements" (Countercl. ¶¶ 38–39 (emphasis added)); and (2) "[Counter-Defendant] has an *unfair* advantage against [Counter-Claimant] because [Counter-Defendant] can hire any employees it wants while it does not have to be concerned about its own employees working for competitors" (*id.* ¶¶ 40–41 (emphasis added)).[4] In California, § 16600 prohibits

---

[4] Counter-Defendant also alleges that Counter-Claimant "has unclean hands" as "it, too, required Carino to sign an employment agreement that included a mandatory New Jersey choice-of-law and venue provision." (C-Def.'s Br. at 3 n.2.) But the Court may not look to allegations outside the four corners of the Counterclaim. Regardless, Counter-Claimant pleads and argues the opposite. (*See* Countercl. ¶ 29 ("[Counter-Claimant] did not contain any post-employment non-

non-compete agreements in employee contracts, *Edwards*, 189 P.3d at 292, and California courts have found that such unlawful agreements also violate § 17200, *Dowell v. Biosense Webster, Inc.*, 102 Cal. Rptr. 3d 1, 8–9 (Ct. App. 2009). Because Counter-Claimant has standing to pursue a claim under § 17200 and Counter-Claimant clearly alleges unlawful—and, arguably, unfair—conduct by Counter-Defendant, the Court finds that the Counterclaim sufficiently states a claim under § 17200.

## CONCLUSION

For the reasons stated herein, Counter-Defendant's Motion is denied. An appropriate order will follow.

Date: 12-13-18

ANNE E. THOMPSON, U.S.D.J.

---

competition restrictions [in its employment contract with Carino]."); C-Cl.'s Br. at 20 n.1 ("[Counter-Claimant]'s agreements do not contain any post-employment non competition restrictions.").)